ABRAM A. DEMAREST, as Receiver, etc., Appellant, *v.* ISAAC E. House and Others, Respondents.

*Fraudulent conveyances — notice — bona fide purchaser of real estate — failure of a wife to sign her husband's deed.*

In an action, where the only relief demanded upon the trial was that certain deeds executed by Isaac E. House should be declared fraudulent, it appeared that prior to December, 1893, House and his wife Melissa had been living together in Nyack, although upon unfriendly terms; that on December 6, 1893, he conveyed to his cousin by a deed, in which his wife did not join, a house in New York taking back a mortgage, and that on December 15, 1893, he conveyed two lots in Nyack by deeds to James R. Comesky, the brother of his attorney, and that Comesky subsequently executed two mortgages upon these premises, one to Hannah B. Wool and the other to House. On or about December 15, 1893, House suddenly left Nyack and never returned.

There was no proof that the purchasers did not pay fair prices for the property. Subsequently Melissa House brought an action for a limited divorce and was allowed temporary alimony, and a receiver of the property of her husband, having failed to collect this alimony, and the whereabouts of House being unknown, brought the present action and asked that the above-mentioned deeds executed by House be set aside.

*Held,* that there was no proof impeaching the transactions or showing that the defendant grantees were not *bona fide* purchasers, as at the time the conveyances were made to the defendants no suit had been commenced for a separation and there was no proof that either of the grantees knew or suspected that any such action was about to be brought;

That the fact that Melissa House did not sign the deeds did not put the grantees upon inquiry as to the right or motives of her husband in making the conveyances.

APPEAL by the plaintiff, Abram A. Demarest, as receiver, etc., from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Rockland on the 29th day of August, 1895, upon the decision of the court rendered after a trial, pursuant to a stipulation, at the Orange Special Term, dismissing the plaintiff's complaint.

This action was brought by the plaintiff, as receiver in an action for a limited divorce, to have certain conveyances of real estate executed by Isaac E. House to the defendants Comesky and Bleeker set aside as fraudulent and void.

*Garrett Z. Snider,* for the appellant.

*Arthur S. Tompkins* and *Frank Comesky,* for the respondents.

PRATT, J. :

This is an appeal from a judgment in an equity action entered upon a dismissal of the complaint after a trial at Special Term.

Isaac E. House and Melissa House were husband and wife, and prior to December, 1893, had lived together in Nyack.

The relations between Isaac E. House and his wife for years had been unfriendly, and this fact was not concealed.

After the death of the father of the said Isaac E. House, which occurred in August, 1891, there were negotiations between the said Isaac E. House and his wife, with the assistance of their respective attorneys, looking towards some settlement of their differences and some provision to be made for the support of the wife and child. While these negotiations were still pending, Isaac E. House, about the 15th day of December, 1893, suddenly left Nyack and has never returned.

After his departure an action for a limited divorce was commenced by his wife and the summons therein was served upon her husband by publication.

She applied in the meantime for temporary alimony, and this, as well as a moderate counsel fee, were awarded her by an order of this court. Subsequently, on showing inability to collect this alimony, the court appointed the plaintiff receiver of the property of her husband.

Prior to the time of his leaving Nyack, Isaac E. House was the owner of certain real estate, consisting of a house and lot on West Thirty-first street in New York city; a house and lot on Burd street, Nyack, and a house and lot on Franklin street, Nyack.

These properties were at the time of the death of the father of the said Isaac E. House unincumbered and were producing a revenue.

It appears that on the 6th of December, 1893, Isaac E. House executed a deed of the New York property to the defendant William H. Bleeker, his cousin by marriage, and took back from him a mortgage for $8,000, and on the fifteenth of December he executed a deed of his Nyack properties to James R. Comesky, brother of his attorney, who executed two mortgages thereon, one to Hannah B. Wool for $1,200 and one to Isaac E. House for $1,500.

After the receiver was appointed, he attempted to collect the

rents of this property and failed, because of the fact that the tenants had been instructed to pay rent to the parties who had the deeds.

He then applied for leave to bring this action to set aside these conveyances, as having been made in fraud of the rights of Melissa House; or, in the event of his inability to set aside the deeds, to impound the mortgages given back to Isaac E. House at the time of the transfer.

The $8,000 mortgage upon the New York property, together with the bond to which it was collateral, were in the possession of Isaac E. House.

He also had the bond for $1,500 made by James R. Comesky. The mortgage to secure the payment of this bond is in the possession of the plaintiff as receiver, having been obtained by him from the clerk of Rockland county, with whom it had been left.

At the time the conveyances were made to the defendants no suit had been commenced for a separation, and there is no proof that either defendant knew or suspected that any such suit was to be brought. Neither is there proof that either defendant did not pay a fair price for the property.

Assuming even that the motive of Isaac E. House in making the sales was to prevent his wife from receiving any alimony in any suit she might commence therefor, that fact would not invalidate the sales unless the fact was known to the grantees, and they participated in the fraud.

It is not necessary to discuss the other questions raised by the appellant, as there was an utter failure of proof to impeach the transactions, or to show that defendants Bleeker and Comesky were not *bona fide* purchasers.

The fact that the wife did not sign the deeds, under the circumstances, was not such a material fact as would operate to put the defendants Bleeker and Comesky upon inquiry as to the right of the husband to make the conveyances or as to his motive in doing so. It does not appear from the case that any other relief was demanded upon the trial than that the deeds should be set aside as fraudulent.

The judgment must be affirmed.

Dykman, J., concurred; Brown, P. J., not sitting.